## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Misc. Business Docket No.:

In Re Robin Conway and )
Paul A. Conway, )
)
Petitioners. )
)

# 04 MBD 10234

## VERIFIED PETITION
## PURSUANT TO FED. R. CIV. P. 27(a)
## (EMERGENCY)

The petitioners, Robin Conway and Paul Conway ("the Conways"), submit this emergency petition pursuant to Fed. R. Civ. P. 27(a) ("Petition") to perpetuate deposition testimony relating to potential medical malpractice claims against the United States and Dr. John Stram under the Federal Tort Claims Act. Mr. Conway was just discharged from Massachusetts General Hospital with a prognosis that he has not more than four to six weeks to live. He is suffering from a malignant astrocytoma with features of both anaplastic PXA and GBM, an aggressive and deadly form of cancer, which was identified on an MRI in August 2003 but undiagnosed until it was too late.

### PRELIMINARY STATEMENT OF FACTS

In August of 2003, Paul Conway, a 23-year veteran of the United States Navy, underwent a routine disability compensation examination at the VA Hospital in Jamaica Plain, Commonwealth of Massachusetts. An MRI was conducted as part of that examination, following which the radiologist reported that the findings showed "a single

enhancing lesion in the left parietal lobe measuring 11 x 10 mm," suggesting that Mr. Conway had "a low grade neoplasm such as astrocytoma." Dr. John Stram, a physician on staff at the VA Hospital, was in charge of the disability compensation evaluation, and Mr. Conway met with him shortly after the MRI. Dr. Stram failed to inform Mr. Conway of the results of his MRI, and, in fact, made no reference to the MRI in his notes from that evaluation. Dr. Stram also failed to order cerebrospinal fluid testing, neurological examination or a follow up MRI as recommended by the radiologist.

Following ongoing complaints of headaches and imbalance, an MRI with contrast was conducted on December 4, 2003 at Jordan Hospital. The results demonstrated that there was now "a 3.5-cm heterogeneously enhancing peripheral mass in the left parietal lobe with extensive surrounding edema." The major differential diagnosis possibilities included "high grade glioma and a solitary metastatic focus."

Mr. Conway underwent a gross total resection of this lesion on December 12, 2003 at Massachusetts General Hospital, where he came under the care of Dr. Scott Plotkin. The final pathology on the tumor was read as malignant astrocytoma with features of both anaplastic PXA and GBM, an aggressive and deadly form of cancer.

The Conways filed administrative claims under the Federal Tort Claims Act with the Veterans Administration in February 2004, pursuant to 28 U.S.C. 2671 *et seq.*  On July 28, 2004, those claims were initially denied and the claims were sent to Washington, D.C. for further review and to discuss the potential for settlement.

On August 16, 2004, Mr. Conway was admitted to Jordan Hospital for further complications related to his brain tumor. Recently his oncologist, Dr. Plotkin, informed him that he has only four to six weeks left to live. No lawsuit has been filed to date as

the Conways must first exhaust their administrative remedies and have their claims finally denied by the administrative agency hearing their claims pursuant to 28 U.S.C. § 2675.

The Conways now seek to preserve testimony relating to the potential medical malpractice and negligence claims before Mr. Conway passes away. His testimony is critical to establishing these claims and he and his family will be unduly prejudiced if his deposition is not taken immediately. Given that his death is imminent, he further requests that the 20-day notice requirement of Fed. R. Civ. P. 27(a)(2) be waived and that he be permitted to notice his deposition immediately.

<u>JURISDICTION</u>

Rule 27(a)(1) confers jurisdiction to file a petition in the United States District Court for the preservation or perpetuation in the district of the residence of any expected adverse party. Paul Conway resides in Pembroke, Plymouth County, Commonwealth of Massachusetts. His wife, Robin Conway, and two sons, Seth and Michael, are also potential plaintiffs. They, too, reside in Pembroke, Plymouth County, Commonwealth of Massachusetts.

The potential defendants include the United States of America and Dr. John Stram. Dr. Stram, upon information and belief, is a resident of Charlestown, Suffolk County, Commonwealth of Massachusetts, and is employed at the VA Hospital in Jamaica Plain, Suffolk County, Commonwealth of Massachusetts. The United States District Courts have exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 2674.

## BASIS FOR PETITION PURSUANT TO FED. R. CIV. P. 27

In support of their petition, and pursuant to the requirements of Fed. R. Civ. P. 27(a)(1), the Conways state the following:

1.  **The Petitioners Expect to be Parties to an Action.** The Conways anticipate that if their claims are finally denied, and no settlement can be reached with the Veterans Administration, that they will bring a lawsuit for negligence against Dr. John Stram and the Unites States. Their sons likely will also be named plaintiffs in that lawsuit, particularly when he passes away. The Conways are unable to institute suit at this time because their claims have not been "finally denied" as required by 28 U.S.C. § 2675. Furthermore, any wrongful death actions that may be filed on behalf of Mr. Conway's estate obviously cannot be brought until after his death.

2.  **Subject Matter of Anticipated Action and Petitioners' Relationship to Action.** The subject matter of the lawsuit will be the medical treatment that Mr. Conway received from Dr. John Stram at the VA Medical Center in Jamaica Plain. At issue in any future lawsuit will be what diagnosis and treatment were provided to Mr. Conway, what information Dr. Stram provided to Mr. Conway following his MRI in August 2003, and what further follow up, if any, was recommended by Dr. Stram. The Conways will assert that Dr. John Stram failed to properly diagnose Mr. Conway and was negligent in his treatment of him.

3. **Facts to Establish and Perpetuate.** The Conways set forth the following statement of facts that the proposed testimony will perpetuate and an explanation of their reasons for wishing to perpetuate the testimony.

    a.    A description of Mr. Conway's military service with the U.S. Navy and the facts leading up to his routine disability compensation examination at the VA Hospital. This testimony will provide necessary background information leading up to the critical events underlying this action.

    b.    A description of the treatment that he received at the VA Hospital, including his office visits with Dr. Stram. This testimony will support the potential claims for medical malpractice against Dr. Stram and the United States.

    c.    A description of the diagnosis, prognosis and treatment that he received from additional medical providers following his treatment at the VA Hospital. This testimony will provide further support for the medical malpractice claims and for the evaluation of damages resulting from that negligence.

    d.    A description of his medical history prior to his treatment at the VA Hospital. This testimony will provide necessary information to evaluate the medical diagnosis and treatment provided to him by the VA Hospital and Dr. Stram.

    e.    A description of Mr. Conway's relationships with his wife and sons, and the impact that his medical condition has had on those

relationships. This testimony will provide information necessary to evaluate any potential loss of consortium and society claims brought by his wife and sons.

f.    A description of the impact that his diagnosis, treatment, prognosis and illness have had on him, his activities, his ability to take care of himself, his relationships, his work ability and other areas of his life. This testimony will be necessary for evaluating the damages stemming from the medical malpractice and negligence claims.

Mr. Conway's deposition will not necessarily be limited to the areas of testimony above, as the parties should be entitled to pursue lines of testimony suggested by the deposition testimony as such testimony is given or obtained.

4.    **Expected Adverse Parties.** The Conways anticipate that the following will be adverse parties in this case:

a.    Dr. John Stram, Eight 13th Street, Charlestown, MA 02129-2027; Business Address: VA Hospital, Jamaica Plain, MA.

b.    United States of America, c/o Michael J. Sullivan, United States Attorney, 1 Courthouse Way, John Joseph Moakley Courthouse, Boston, MA 02210.

5.    **Persons to be Examined and Anticipated Substance of Testimony.**

The Conways are seeking to take the emergency audiovisual deposition of Mr. Conway to preserve his testimony as set forth in paragraphs 3(a)-(f) above. They request that the deposition be conducted on audiovisual tape so that it can be used at the trial of any future action resulting from his claims. Further, they request that the 20-day notice required under Rule 27(a)(2) be waived given his imminent death.

6

6.    **Request for an Order.**  Wherefore, the petitioners, Robin Conway and

Paul Conway, respectfully request that this Court issue an Order

authorizing them to conduct an audiovisual deposition of Mr. Conway to

preserve and perpetuate his testimony as described above.  A proposed

Order is attached as Exhibit 1.

7.    **Oral Argument Requested.**  The petitioners respectfully request that this

Court waive the 20-day notice requirement and hear oral argument on this

matter as soon as possible.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS

THE 30th DAY OF AUGUST 2004.

Robin Conway
49 Oak Street
Pembroke, MA 02359



ROBIN CONWAY and
PAUL A. CONWAY,
By their attorneys,


Christopher A. Duggan
BBO No. 544150
Christina Schenk-Hargrove
BBO No. 645164
SMITH & DUGGAN LLP
Lincoln North, 55 Old Bedford Road
Lincoln, MA  01773
(617) 228-4400